# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTHONY ARMSTRONG, :

    Petitioner, :

vs. : CA 14-0014-CG-C

STATE OF ALABAMA DEPARTMENT :
OF CORRECTIONS,
     :
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner presently housed at Fountain Correctional Facility in the Southern District of Alabama, filed a self-styled petition for writ of habeas corpus in this Court on January 14, 2014. (Doc. 1.) Petitioner's writ of habeas corpus—which is not on a court form—does not, in truth, challenge the validity of his Houston County, Alabama drug (and failure to register as a sex offender) conviction(s) or his federal drug conviction out of the Middle District of Alabama;[1] instead, he merely seeks a transfer to

---

[1] *Cf. United States v. Byrd*, 2010 WL 936557, *1 n.2 (S.D. Ala. Mar. 12, 2010) ("Although Byrd moves pursuant to 28 U.S.C. § 2255, he does not seek to vacate, set aside, or correct his sentence. Hence, this is not a § 2255 motion."). There is a possibility that Armstrong's writ of habeas corpus could be cognizable under 28 U.S.C. § 2241, provided he has begun serving his federal sentence, *see Johnson v. Wise*, 2010 WL 3306920, *4 (S.D. Ala. Jul. 13, 2010) ("A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. . . . When a district court has imposed a federal criminal sentence, the United States Attorney General, through the BOP as that official's delegate, is responsible for calculating the inmate's term of confinement, including determination of when the sentence commences and the appropriate credit to be granted for jail time served before commencement of the federal sentence. . . . The general rule is that a federal sentence begins when the defendant is received for transportation to or arrives at the official detention facility at which the sentence is to be served. . . . Because . . . Johnson has not yet begun his 24-month federal sentence, the BOP has obviously not made any jail-time credit computations and, therefore, properly spurned Johnson's attempts to exhaust his administrative remedies." (internal quotation marks omitted)), *report and recommendation adopted*, 2010 WL 3306931 (S.D. Ala. Aug. 19, 2010), and has exhausted his administrative remedies, *compare id.* at *6 ('[U]ntil such time as his federal sentence commences, Johnson can
(Continued)

the custody of the Bureau of Prisons based upon the orders of Houston County Circuit Judge Larry K. Anderson. (*Compare id.* at 1-2 to Doc. 1, Attachments.) While Armstrong has attached to his writ of habeas corpus numerous documents from the Circuit Court of Houston County, Alabama, he has neglected to attach any sentencing documents from the Middle District of Alabama, Case No. 1:11-CR-35-MEF. (*See id.*, Attachments.) The undersigned notes that Houston County, Alabama is located in the Southern Division of the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(2) ("The Southern Division [of the Middle District of Alabama] comprises the counties of Coffee, Dale, Geneva, Henry, and *Houston*." (emphasis supplied)).

28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction. While this Court enjoys concurrent jurisdiction over this action, since Armstrong is confined in the Southern District of Alabama, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-1132, 35 L.Ed.2d 443 (1973), the undersigned recommends that this Court transfer this action "in the exercise of its discretion and in furtherance of justice" to the United States District Court for the Middle District of Alabama, "the district within which the State court was held which convicted and sentenced [petitioner.]" *Id*.

---

neither exhaust his administrative remedies or properly challenge, through § 2241, the manner in which his federal sentence is executed.") *with United States v. Tubby*, 2013 WL 6084270, *2 (11th Cir. Nov. 20, 2013) ("In 2009, Tubby filed a *pro se* 28 U.S.C. § 2241 petition. Tubby's § 2241 petition, like his previous *pro se* post-conviction motions, argued that the BOP had improperly calculated his federal sentence. He also alleged that he had exhausted his administrative remedies. The district court denied Tubby's § 2241 petition on the merits, concluding that the BOP properly calculated Tubby's federal sentence under 18 U.S.C. § 3585.") and *United States v. Gaston*, 2007 WL 3378386, *2 (N.D. Fla. Nov. 13, 2007) ("The Attorney General through the BOP, not the sentencing court, computes credit under § 3585(b), and judicial review is available only after exhaustion of administrative remedies."). And while it does not appear to the undersigned that Armstrong has begun serving his federal sentence, the Middle District of Alabama is the proper court to make a final determination regarding whether it has jurisdiction over this matter and whether the petitioner is entitled to any form of federal relief.

Transfer of the instant case is warranted not only because the United States District Court for the Middle District of Alabama is more familiar with state courts within its district but also because the contents of its sentencing order in Case No. 1:11-CR-35-MEF likely will be relevant to whether Armstrong is entitled to any form of relief—whether habeas or otherwise—from a federal court. *Compare United States v. Hunter*, 2012 WL 4051954, *2 (M.D. Fla. Sept. 13, 2012) ("'[W]hen a federal sentencing court is silent on the matter, there is a statutory presumption that multiple sentences imposed at different times—even as between sentences imposed by state and federal courts—will run consecutively.' . . . In turn, the United States Attorney General, acting through the Bureau of Prisons, has 'exclusive authority to determine when a federal sentence shall begin[2] and where the federal sentence shall be served.'") *with Byrd, supra,* at *1-2 ("On March 6, 2008, Byrd was sentenced by this Court to a term of fifty-seven months as to each of Counts 4 and 9, with the terms to run concurrently. The sentence was *not* imposed to run concurrent with any state court sentence. Byrd did not commence serving his federal sentence. Instead, Byrd was returned to the State of Alabama for further proceeding on his state charges. Later that month, on March 20, 2008, State of Alabama Circuit Judge Robert Smith sentenced Byrd to a term of twenty years to run concurrent with the previously imposed federal sentence. Byrd remained in state

---

[2] *See Tubby, supra,* at *1 ("[A]fter his federal sentencing, Tubby was returned to state custody on May 13, 2005. On June 21, 2005, the state court sentenced Tubby to 62 months on his state charges, to run *concurrent* to his federal sentence and *ordered that Tubby's state sentence be served in federal custody*. On February 24, 2006, Tubby was *transferred to federal custody, but the Federal Bureau of Prisons [] returned Tubby to state custody on May 13, 2006 to first serve the remainder of his state sentence.* In April 2007, the state court *vacated* Tubby's state sentence and imposed a suspended sentence so that Tubby's state and federal sentences could be served concurrently in federal custody. ***On April 26, 2007, Tubby was again transferred to federal custody and began serving his federal sentence***. In calculating Tubby's federal sentence, the BOP denied Tubby's request for a *nunc pro tunc* designation, which would have given him credit for time served in state custody. ***A federal sentence begins when the defendant is received in federal custody to begin serving his sentence.***" (emphasis added)).

custody and is now incarcerated with the Alabama Department of Corrections [] at the Elmore Correctional Facility. On April 8, 2009, Byrd filed a motion in this court seeking a transfer from state custody to federal custody on [the] basis that the Mobile County Metro jail officials had erred by failing to deliver him to the custody of the U.S. Marshal to serve his federal sentence []. This Court entered an order explaining that Byrd's federal sentence was not imposed to run concurrent with his state sentence and therefore, he must consult with the state court in regard to that court's order to run his state sentence concurrent with his federal sentence []. Byrd then filed two motions in the state court to request amendment of his sentence in order to obtain transfer to a federal prison []. On September 28, 2009, Circuit Judge Smith ordered that Byrd's state sentence should run concurrent with his 'Federal sentence that he is now serving time on' []. However, Byrd was not serving time on his federal sentence. To the contrary, his federal sentence[] had never commenced. Instead, Byrd remained in primary state custody at all times since the writ of habeas corpus ad prosequendum was issued. Thus, Byrd was transferred to the AD[O]C to commence serving his state sentence. Now before this Court is Byrd's motion titled 'Motion for Return to Federal Custody' []. Byrd asserts that Circuit Judge Smith ordered that [he] be returned to Federal Custody but the Bureau of Prisons (BOP) has failed or refused to take him into custody to begin serving the 57 month federal sentence. He asks this court to order the BOP to take custody of him, that he receive credit toward his federal sentence for time spent in the AD[O]C, and that his sentence be withdrawn because the BOP has refused to take custody of him. However, *this Court is without jurisdiction to order the relief Byrd seek*s. Congress gave the BOP, not the Court, the authority to determine whether Byrd will receive credit toward his federal sentence for time spent in the AD[O]C. . . . Also,

based upon the facts presented in this case, ***the Court does not have authority to order the BOP to take custody of Byrd.***" (emphasis supplied)).

Based upon the foregoing, it is recommended that, in the furtherance of justice, this action be transferred to the United States District Court for the Middle District of Alabama for any and all further proceedings.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of January, 2014.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[3] The undersigned does not rule on petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) because this is a decision best left to the United States District Court for the Middle District of Alabama.